# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-62567-KMM

TRACY SANBORN and LOUIS
LUCREZIA, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

vs.

NISSAN NORTH AMERICA, INC.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant Nissan North America, Inc.'s ("Nissan" or "Defendant") Motion to Dismiss Amended Complaint (ECF No. 24). Plaintiffs Tracy Sanborn and Louis Lucrezia (collectively, "Plaintiffs") filed a Response (ECF No. 31) and Defendant filed a Reply (ECF No. 32). The Motions are now ripe for review. UPON CONSIDERATION of the Motions, the Response, the Reply, the pertinent portions of the record, and otherwise being fully advised in the premises, for the reasons set forth below, the Court now enters the following Order.

**I.    BACKGROUND**

Plaintiffs brought this proposed class action on behalf of themselves and other Florida car owners, alleging that Defendant violated Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq. (the "FDUTPA"). Alternatively, Plaintiffs contend that Defendants have been unjustly enriched by Plaintiffs and other proposed class members. Id. at ¶¶ 51–64. Specifically, Plaintiffs allege that Defendant Nissan North America, Inc. sold Nissan Altima and Infiniti vehicles to Plaintiffs and many other consumers without informing them that the dashboards in the vehicles melt, emit a noxious chemical smell, and take on a reflective quality when exposed

to sunlight. Am. Compl. at ¶ 1. Plaintiffs maintain that the melted dashboard is dangerous, as it reflects the sunlight at odd angles resulting in an unpredictable glare. Id. at ¶ 12. Plaintiffs further maintain that melted dashboards can interfere with the safe operation of the passenger-side airbag. Id. at ¶ 13. Nissan refuses to cover the full cost to repair the dashboard. Id. at ¶ 2.

Defendant subsequently filed the instant Motion to Dismiss.

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 679.

A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. ANALYSIS

In their Motion to Dismiss, Defendant maintains that the case should be dismissed on several grounds: (1) Plaintiffs lack standing to bring claims related to vehicles that they have not

2

purchased, and therefore, the Complaint must be dismissed to the extent it is based on the sale of vehicles other than Plaintiffs' vehicles; (2) Plaintiffs' FDUTPA claim fails to state a claim, under either the plausibility standard of Rule 8(a) or the particularity standard of Rule 9(b)[1]; and (3) Plaintiffs cannot state a claim for unjust enrichment. Id. The Court will address each argument in turn.

### a. Standing

To meet the requirement for standing under Article III, a plaintiff must allege and show that he personally suffered injury. Griffin v. Dugger, 823 F.2d 1476, 1482–83 (11th Cir. 1987) (citing to Thurston v. Dekle, 531 F.2d 1264, 1269 (5th Cir. 1976) ("The threshold case-or-controversy inquiry is whether there existed a named plaintiff with standing to raise the issue before the court."), vacated on other grounds, 438 U.S. 901 (1978)).

> [I]t is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert. Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.

Id. at 1483 (internal citations omitted).

Plaintiffs' suit includes twenty-one Nissan vehicle models: the 2007–2009 Nissan Altima, 2003–2008 FX35 Infiniti, 2003–2008 FX45 Infiniti, 2006–2008 G35 Infiniti, 2006–2008 M35 Infiniti, and 2008–2009 G37 Infiniti vehicles. However, Defendant contends that Plaintiffs lack standing to pursue any claims involving Nissan or Infiniti vehicles they did not purchase. In support of its contention, Defendant relies on Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1278 (11th Cir. 2000), and its progeny.

---

[1] Defendant maintains that Plaintiff's FDUTPA claim is subject to Rule 9(b)'s heightened pleading standard because "it is inarguable that Plaintiff's FDUTPA non-disclosure claim sounds in fraud." Def.'s Mot. at 10. Consequently, Defendant maintains that to survive a motion to dismiss under Rule 12(b)(6), Plaintiffs must state with particularity the circumstances constituting the alleged conduct that forms the basis of their claim. Id.

3

In Prado-Steiman, the Eleventh Circuit addressed the issue of standing in reviewing a class certification order certifying a class of individuals with developmental disabilities who met the level-of-care requirements of an intermediate care facility under the Medicaid Act. Id. at 1268. In certifying the class, the district court had identified ten substantive, class-wide subclaims, each challenging different and distinct conduct and injuries. Id. at 1270–71, 1281. The Circuit Court vacated the trial court's certification decision, finding that the named plaintiffs had been subject to the conduct and suffered the injuries described in three of the subclaims, but that there was not a sufficient showing that the same was true of the other seven subclaims. Id. at 1280. The Circuit Court concluded that "prior to the certification of a class . . . the district court must determine that at least one named class representative has Article III standing to raise each class subclaim." Id. at 1278. Defendant asserts that under this rationale, which has been applied in other cases in this district, Plaintiffs lack standing to pursue any claims involving Nissan or Infiniti vehicles they did not purchase. See Bohlke v. Shearer's Foods, LLC, No. 14-cv-80727, 2015 WL 249418, at *4 (S.D. Fla. Jan. 20, 2015); Garcia v. Kashi Co., No. 12-cv-21678, 2014 WL 4392163, at *27 (S.D. Fla. 2014); Reilly v. Amy's Kitchen, Inc., No. 13-cv-21525, 2013 WL 9638985, at *2 (S.D. Fla. Dec. 9, 2013); Toback v. GNC Holding, No. 13-cv-80526, 2013 WL 5206103 (S.D. Fla. Sept. 13, 2013).

The Court agrees, and concludes that Plaintiffs cannot raise claims relating to those products which they did not purchase. While Plaintiffs assert that the deciding factor in these cases is whether the named plaintiff and proposed class share a common defect, not whether they purchased precisely the same product, the Court agrees with other courts in this district which have declined to apply the "sufficiently similar" test. See Bohlke, No. 14-cv-80727, 2015 WL 249418, at *4; Garcia, No. 12-cv-21678, 2014 WL 4392163, at *25–27; Toback, No. 13-cv-80526, 2013 WL 5206103, at *4–5. In the Eleventh Circuit, a named plaintiff in a consumer class action cannot raise claims

4

relating to products which she herself did not purchase. Bohlke, No. 14-cv-80727, 2015 WL 249418, at *4. Therefore, in this case, the claims that Plaintiff has standing to bring are limited to the 2008 and 2009 Nissan Altima.

### b. Failure to state a claim for violations of the FDUTPA

In Count I, Plaintiffs allege that Nissan violated the FDUTPA by failing to disclose that the dashboard in the named Nissan vehicles is defective and poses a safety hazard. Plaintiffs further allege that as a direct and proximate result of this conduct, Plaintiffs and other members of the proposed class have paid more for the vehicles than they otherwise would have paid, paid for dashboard diagnoses, repairs, and replacements, and have been left with vehicles of diminished value and utility. Defendant, however, contends that Count I should be dismissed for several reasons: (1) the FDUTPA claim is subject to Rule 9(b)'s heightened pleading standard; (2) Plaintiffs do not allege with particularity any deceptive conduct on the part of Nissan; (3) even under rule 8(a), Plaintiffs' formulaic recitation of the elements does not plausibly allege a violation of the FDUTPA.

To the extent that Nissan argues that Federal Rule of Civil Procedure 9(b) applies to Plaintiffs' FDUTPA claim, the Court disagrees. While the Court acknowledges that courts have reached various conclusions about the application of Rule 9(b) to FDUTPA claims, this Court is persuaded that Rule 9(b) does not apply to FDUTPA claims. See Sanchez-Knutson v. Ford Motor Co., 52 F. Supp. 3d 1223, 1239 (S.D. Fla. 2014); see also Toback v. GNC Holdings, Inc., No. 13-80526-CIV, 2013 WL 5206103, at *2 (S.D. Fla. Sept. 13, 2013) ("[T]he requirements of Rule 9(b) do not apply to claims under the FDUTPA."). Accordingly, the Court concludes that Plaintiffs need not satisfy the heightened pleading standard under Rule 9(b) requiring the claim be pled with particularity.

The FDUTPA provides a cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). Accordingly, in order to establish a cause of action for damages under the FDUTPA, Plaintiffs must sufficiently allege the following elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp., 581 F. Supp. 2d 1215, 1220 (S.D. Fla. 2008). "In construing what constitutes a deceptive act or unfair practice, '[t]he Florida Supreme Court has noted that deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" Id. (quoting Zlotnick v. Premier Sales Group, Inc., 480 F.3d 1281, 1284 (11th Cir. 2007)). The "FDUTPA does not require [a defendant] to have subjective knowledge of alleged defects in order for [a plaintiff] to state a viable FDUTPA claim." Gavron v. Weather Shield Mfg., Inc., 819 F. Supp. 2d 1297, 1302 (S.D. Fla 2011) ("[T]he [FDUTPA] focuses on whether an act is deceptive, not whether a defendant knew that the allegedly violative conduct was occurring.").

In their Amended Complaint, Plaintiffs allege that Nissan committed an unfair or deceptive practice by selling vehicles with dashboards not suitable for use in Florida. Specifically, Plaintiffs allege that Nissan failed to disclose, at the time of sale or otherwise, that the dashboard in the named Nissan vehicles is defective and poses a safety hazard. The Court finds that at this stage of the proceedings, this is sufficient to establish a deceptive act or unfair practice. Further, Plaintiffs have adequately pleaded causation and actual damages. In their Amended Complaint, Plaintiffs allege that as a direct and proximate result of Defendant's conduct, Plaintiffs paid more than they otherwise would, paid for dashboard diagnoses, repairs, and replacements, and have been left with vehicles of diminished value and utility.

Accordingly, accepting Plaintiffs' allegations as true and construing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have adequately stated a claim for violations of the FDUTPA.

### c. Failure to state a claim for unjust enrichment

In Count II, Plaintiffs bring a claim for unjust enrichment. In order to establish the elements of a cause of action for unjust enrichment, Plaintiff must show that: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999).

However, Defendant asserts that adequate legal remedies exist, and therefore, Plaintiffs cannot bring an unjust enrichment claim. See Am. Honda Motor Co., Inc. v. Motorcycle Info Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy."). Defendant maintains that Plaintiffs' unjust enrichment claim "is a mere tack-on" and "fallback." Mot. at 17, 18. Defendant also contends that Plaintiffs have not shown how Nissan benefitted from the alleged non-disclosure of the dashboard defect.

The Court first finds that Plaintiff is not barred from bringing an unjust enrichment claim. The Eleventh Circuit has held that while "[i]t is generally true that equitable remedies are not available under Florida law when adequate legal remedies exist[,] . . . that rule does not apply to unjust enrichment claims. State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc., 427 Fed. App'x 714, 722 (11th Cir. 2011) (per curiam) (internal citation omitted), rev'd in part on other grounds, State Farm Mut. Auto. Ins. Co. v. Williams, 563 Fed. App'x 665 (11th Cir. 2014). "It is

7

only upon a showing that an express contract exists [between the parties] that the unjust enrichment . . . count fails." Id.

Further, the Court finds that Plaintiffs have alleged a valid claim for unjust enrichment. In its Amended Complaint, Plaintiffs allege that Plaintiffs have conferred benefits on Defendant by purchasing and leasing Nissan vehicles, reasonably expecting to receive a vehicle that was free of defects, and that Defendant has voluntarily accepted and retained the benefits. Plaintiffs further allege that Defendant profited from its alleged inequitable conduct, as Nissan would have sold fewer cars and would have had to fix the defect or discount the vehicles if it had disclosed the defect to the marketplace. Plaintiffs allege it would be inequitable for Defendant to retain the benefit conferred without compensating Plaintiffs.

Accordingly, accepting Plaintiffs' allegations as true and construing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have adequately stated a claim for unjust enrichment.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 24) is GRANTED IN PART AND DENIED IN PART.

Accordingly, it is ORDERED AND ADJUDGED as follows:

(1) Plaintiffs' claims are limited to the 2008 and 2009 Nissan Altima, and their claims as to the vehicles they did not purchase are DISMISSED WITHOUT PREJUDICE; and

(2) In all other respects, Defendant's Motion is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of June, 2015.

_K. Michael Moore_
2015.06.15 13:22:30 -04'00'

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc: All counsel of record